**UNITED STATES of America,**
**Plaintiff,**

v.

**Gale Leroy SCHUTZLER, Defendant.**

**Crim. No. 4794.**

United States District Court,
S. D. Ohio, W. D.

Oct. 9, 1969.

Roger J. Makley, U. S. Atty., for plaintiff.

W. Gale Everman, Dayton, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

WEINMAN, Chief Judge.

This cause came on to be considered upon the motion of the defendant to dismiss counts one and two of an information which respectively charge that on or about January 22, 1969 the defendant knowingly possessed firearms which had not been registered to him in the National Firearms Registration and Transfer Record maintained under Section 5841, Title 26, United States Code, in violation of Section 5861(d), Title 26, United States Code and that the defendant wilfully and knowingly made firearms without having complied with the requirements of Section 5822, Title 26, United States Code in violation of Section 5861(f), Title 26, United States Code. As grounds for said motion the defendant asserts that the registration requirements of Section 5861(d) and (f) of Title 26, United States Code violate his privilege against self incrimination, guaranteed by the Fifth Amendment.

The Court having carefully considered said motion and being fully advised in

the premises thereof finds that said motion is not well taken and should be and hereby is DENIED. The defendant relies upon the recent decisions of the United States Supreme Court in the cases of Marchetti v. United States, 390 U. S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U. S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) in which the Court held that statutes requiring one to register for certain activities violated the Fifth Amendment.

In Haynes v. United States, supra the Supreme Court held that a proper claim of privilege against self incrimination provides a full defense to prosecutions either for failure to register a firearm under Section 5841, Title 26, United States Code or for possession of an unregistered firearm under Section 5851, Title 26, United States Code. In the Haynes case the Court explained its holding at pages 95 et seq., 88 S.Ct. at pp. 729–730:

> "We must now consider whether, as petitioner contends, satisfaction of his obligation to register would have compelled him to provide information incriminating to himself. We must first mark the terms of the registration requirement. The obligation to register is conditioned simply upon possession of a firearm, within the meaning of § 5848(1). Not every possessor of a firearm must, however, register; one who made the firearm, or acquired it by transfer or importation, need nor register if the Act's provisions as to transfers, makings, and importations 'were complied with.' If those requirements were not met, or if the possessor did not make the firearm, and did not acquire it by transfer or importation, he must furnish the Secretary of the Treasury with his name, address, the place where the firearm is usually kept, and the place of his business or employment. Further, he must indicate his date of birth, social security number,

and whether he has ever been convicted of a felony. Finally, he must provide a full description of the firearm. See 26 U.S.C. § 5841; Treas.Reg. § 179.120; Internal Revenue Service Form 1 (Firearms).

> "The registration requirement is thus directed principally at those persons who have obtained possession of a firearm without complying with the Act's other requirements, and who therefore are immediately threatened by criminal prosecutions under §§ 5851 and 5861. They are unmistakably persons 'inherent suspect of criminal activities.' Albertson v. SACB, 382 U.S. 70, 79 [86 S.Ct. 194, 199, 15 L.Ed.2d 165]. * * * Nonetheless, the correlation between obligations to register and violations can only be regarded as exceedingly high, and a prospective registrant realistically can expect that registration will substantially increase the likelihood of his prosecution. Moreover, he can reasonably fear that the possession established by his registration will facilitate his prosecution under the making and transfer clauses of § 5851. In these circumstances, it can scarcely be said that the risks of criminal prosecution confronted by prospective registrants are 'remote possibilities out of the ordinary course of law,' Heike v. United States, 227 U.S. 131, 144 [33 S.Ct. 226, 228, 56 L.Ed. 633]; yet they are compelled, on pain of criminal prosecution, to provide to the Secretary both a formal acknowledgment of their possession of firearms, and supplementary information likely to facilitate their arrest and eventual conviction. The hazards of incrimination created by the registration requirements can thus only be termed 'real and appreciable.' Reg. v. Boyes, 1 B. & S. 311, 330; Brown v. Walker, 161 U.S. 591, 599–600 [16 S.Ct. 644, 647–648, 40 L.Ed. 819]."

In Haynes v. United States, supra the defendant was charged with violations of the National Firearms Act. The defendant herein is charged with a viola-

tion of the Gun Control Act of 1968 which was enacted by the Congress subsequent to the Haynes decision for the purpose of amending the National Firearms Act to eliminate the provisions which the Supreme Court held objectionable in Haynes.

Under Section 5848(a), Title 26, United States Code, Gun Control Act of 1968, restrictions are placed upon the use of information or evidence obtained from an application or registration. Section 5848(a) and (b) provides:

"(a) General Rule.—No information or evidence obtained from an application, registration, or records required to be submitted or retained by a natural person in order to comply with any provision of this chapter or regulations issued thereunder, shall, except as provided in subsection (b) of this section, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.

"(b) Furnishing False Information. —Subsection (a) of this seciton [sic] shall not preclude the use of any such information or evidence in a prosecution or other action under any applicable provision of law with respect to the furnishing of false information."

Another objectionable provision of the prior law, Section 6107, Title 26, United States Code which permitted the inspection of the registration list by state law enforcement officials was repealed by the Congress in Section 203 of the Gun Control Act of 1968, Public Law 90–618.

The Gun Control Act of 1968 further provided that if a person possessed an unregistered firearm prior to the enactment of the Act, he could register the firearm to himself without incrimination during an amnesty period between November 2 and December 1, 1968. Section 207 (b) of the Gun Control Act of 1968, Public Law 90–618.

After the amnesty period under Section 207(b) of the present Act has passed, there is no provision in the Act requiring a current possessor of a firearm to register. Thus a current possessor of a firearm is not required by the Act to do anything which will incriminate him. Under the present Act if a current possessor of a firearm attempted to register the firearm his application for registration would be denied because there is no provision under the law or the regulations of the Treasury Department which authorizes registration by the current possessor to himself. Under Section 5812 of the present Act a current possessor of an unregistered firearm who desires to transfer the firearm to someone else must file with the Treasury Department a written application for the transfer and registration of the firearm to the transferee. The act of filing an application under Section 5812 of the present Act could not incriminate a person who attempts to transfer an unregistered firearm because under Section 5848(a) of the present law, no information or evidence obtained from such an application shall be used directly or indirectly against such person in any criminal proceedings.

The provisions of Section 5822 of the Gun Control Act of 1958 with respect to the making of a firearm do not require a person to incriminate himself. Section 5822 of the present Act provides that no person shall make a firearm unless he has (a) filed a written application with the Treasury Department (b) paid the tax payable on the making of the firearm (c) identified the firearm to be made in the application form (d) identified himself in the application form and (e) obtained the approval of the Treasury Department to make and register the firearm. Section 5822 provides that "application shall be denied if the making or possessing of the firearm would place the person making the firearm in violation of law." Thus, if it is unlawful for the applicant to make the firearm or to possess it after it is made, the application would be denied. Under

**684**

Section 5848 of the present Act the information or evidence obtained from the application would be inadmissible in a criminal proceeding against the applicant with respect to a violation of law occurring prior to or concurrently with the filing of the application.

Since the provisions of the Gun Control Act of 1968 do not require the possessor or the maker of a firearm to do any act which would incriminate the possessor or maker of a firearm, the Court concludes that Sections 5861(d) and (f), Title 26 United States Code are constitutionally valid and do not compel the defendant to incriminate himself in violation of the Fifth Amendment.

In accordance with the foregoing defendant's motion to dismiss is hereby denied.